Ulster County Savings Institution agt. Fourth National Bank.

## SUPREME COURT.

THE ULSTER COUNTY SAVINGS INSTITUTION agt. THE FOURTH NATIONAL BANK OF THE CITY OF NEW YORK.

*Removal of cause — When "the matter in dispute" cannot be said to arise under the "laws of the United States."*

*It seems,* that when a federal corporation brings a suit in which the pleadings do not negative the possibility of the issue arising as to its legal existence, as it places itself in a position where its legal existence and its rights under its charter may be questioned, it may be truly said that matters in dispute under the constitution and laws of the United States arise.

But this is not so when the federal corporation is a defendant, when its corporate life is admitted, and when the pleadings affirmatively show that the cause of action and the defense depend upon state and not Federal statutes.

It is not enough that a party is a creation of the law of the United States to deprive the state court of jurisdiction, but *the matter in dispute* in the action must arise thereunder.

Where, as in this case, *the matter in dispute* arises out of state and not federal laws, the state courts cannot be deprived of jurisdiction.

*Special Term, September,* 1880.

MOTION to remove the above entitled cause into the circuit court of the United States for the southern district of New York.

*L. J. Wilcox,* for motion.

*W. S. Kenyon, Jr.,* opposed.

WESTBROOK, *J.* — The plaintiff is a corporation formed under the laws of the state of New York, located at and doing business as a savings bank in the city of Kingston, Ulster county, in said state.

The defendant is a corporation formed under the laws of the United States and transacting a general banking business in the city of New York. The existence of the defendant as a Corporate Being is averred in the complaint and admitted by the answer.

The plaintiff by its complaint seeks to recover of the defendant the sum of fourteen hundred and forty dollars, with interest from April 11, 1878, which sum it alleges to be due and owing to it on account of moneys deposited by it with the defendant, with which it is averred "the plaintiff has heretofore kept and still has an account," and which sum, so claimed, the defendant has, on demand, refused to pay.

The defendant admits by its answer the allegation that it had acted as the financial agent of the plaintiff in the city of New York, but alleges the payment in full by it to the plaintiff of all moneys deposited by the said plaintiff with the defendant. It further sets up, by way of counter-claim, that the plaintiff, about the 6th of December, 1877, delivered to the defendant, for sale through its correspondent in the city of New Orleans, in the state of Louisiana, "certain certificates of stock in the Crescent City Railroad Company, representing that one Budington, as the administrator of H. J. Budington, deceased, was the owner and holder thereof;" that the defendant sent said stock to its correspondent in New Orleans, the Germania National Bank, which sold the same at the price directed by the plaintiff, and promised and agreed to deliver and transfer said stock to the purchaser. That said Budington was not the owner of said stock, and the Cresent

City Railroad Company refused to transfer the same for that reason, so that the said Germania Bank could not deliver such stock to the purchaser, who thereby sustained damages to the amount of $1,440, which the said Germania Bank paid to him about the 20th of December, 1877, in discharge of its liability; which sum of money the defendant was obliged to repay and did repay to said Germania Bank; and it therefore asks that the said sum of $1,440, with interest from December 20, 1877, "be set off against the plaintiff's demand to the extent thereof."

The reply denies each of the facts constituting the counter-claim, and further alleges that the plaintiff was not in fact interested, and could not be according to the laws of this state, in any of the transactions out of which the alleged counter-claim arose, and the parties with whom the defendant really dealt therein are disclosed. Other matters are also set out in the reply, but they are immaterial for the purposes of this motion.

The defendant moves under section 2 of the act of Congress of March 3, 1875, to transfer this action to the circuit court of the United States for the southern district of New York, upon the ground, as alleged in the moving papers, that "this suit and the matters in dispute therein arise under the laws of the United States."

The act referred to certainly authorizes the removal of "any suit of a civil nature, at law or in equity, now pending or hereafter brought, in any state court, where the *matter in dispute* exceeds, exclusive of costs, the sum or value of $500, and *arising under the Constitution or laws of the United States*," etc.; but I confess my inability to see how "the matter in dispute" in this action arises under the "laws of the United States." It is true that the defendant owes its corporate life to a law of Congress, but such life being conceded, it must be shown that "the matter in dispute"— *i. e.*, some issue in the action — arises under the Constitution or laws of the United States.

If the existence of the defendant was questioned, or its power under its charter to do any act in controversy was denied, it might be plausibly argued that " the matter in dispute " arose under a law of the United States. The pleadings, however, affirmatively show that no question of the character just referred to can possibly arise, and that all disputed points are controlled by state laws. The issue in the action is plainly upon the counter-claim of the defendant, and that depends upon proof of facts which no Federal law controls, either as to the mode of giving the same or as to its effect when given. If, therefore, this action is to be transferred from the state court it must be upon the simple ground that it is a corporation created under a law of congress. Should the removal asked for be granted for any such reason ?

The case of the *Union Pacific Railroad Company* agt. *McComb* (1 *Federal Reporter*, 799) is relied upon as decisive of this question, but I cannot so regard it. That was an action by a corporation created under the Federal statutes; and of such an action judge BLATCHFORD says: "Under the principles laid down in the decision in *Osborn* agt. *Bank of the United States* (9 *Wheat.*, 738, 819) it must be regarded as settled that a suit by a corporation created by the United States is a suit arising under the laws of the United States." Possibly, *though this is not fully conceded,* when a Federal corporation brings a suit in which the pleadings do not negative the possibility of such an issue, as it places itself in a position where its legal existence and its rights under its charter may be questioned, it may be truly said that matters in dispute under the Constitution and laws of the United States arise. But this argument cannot be made when the Federal corporation is a defendant, when its corporate life is admitted, and when the pleadings affirmatively show that the cause of action and the defense depend upon state and not Federal statutes. The case of the *United States Bank* agt. *Osborn* (9 *Wheat.*, 738) was an action brought to restrain the collection of a state tax imposed upon the bank; and that was

so obviously a case depending upon the Constitution and laws of the United States that the soundness of that decision cannot be questioned. The opinion in that cause, however, cannot be carried so far as to hold that when Federal corporations have contracted with citizens of a state or with its corporations, and have had dealings with them under state laws, that the latter must pursue their remedies in the federal courts. So to hold would be a surrender of state rights to an extent which could not be tolerated. No better answer can be given to this position than the remarks in the opinion of the late chief justice CHURCH, in *Cooke* agt. *State National Bank of Boston*, (52 *N. Y.*, 96; *see pages* 108, 109), which, after combating such a proposition, are as follows: "If the Federal legislature may create corporations for the transaction of the banking business of the country, and confine all legal proceedings by and against them to Federal courts, it requires only another step in the same direction to create corporations for the transaction of railroad, telegraph, express and manufacturing business, and thus to usurp control over the whole business of the country and the internal affairs of the states, absorbing the judicial functions of state courts and reducing the states themselves to mere governmental skeletons without power or vitality, a result which no friend of the Constitution or of republican institutions can desire."

It would not be difficult to prove that any Federal law which assumed to transfer to the Federal courts all suits against corporations created under Federal laws would be unconstitutional. That question, however, does not arise, as the statute relied upon for the transfer undertakes no such impossibility. It allows the transfer when "the matter in dispute" arises "under the Constitution or laws of the United States," and in the language quoted the act gives the true construction to that provision of the Constitution of the United States (*section* 2, *article* 3) which declares the judicial power of the United States "shall extend to all cases in law and equity arising under this Constitution, the laws of the United States," &c.

It is not enough that a party is a creation of the law of the United States to deprive the state court of jurisdiction, but " the matter in dispute " in the action must arise thereunder. That " the matter in dispute " in this cause arises out of state and not Federal laws is clear; and the motion is therefore denied, with costs.